UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK DECLEMENTS,

        Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

Case No. C08-5001BHS-JKA

ORDER OVERRULING
PLAINTIFF'S OBJECTIONS AND
ADOPTING REPORT AND
RECOMMENDATION

    This matter comes before the Court on the Report and Recommendation of the Honorable J. Kelley Arnold, United States Magistrate Judge (Dkt. 20) and Plaintiff's Objections to the Report and Recommendation (Dkt. 23).

    Plaintiff objects to the Report and Recommendation by arguing that Judge Arnold misapplied the rules governing the resolution of "conflicting opinions from various medical sources." Dkt. 23 at 2.

**A.    Plaintiff's Physical Health**

    On April 17, 2002, Dr. Craig Wingate examined and assessed Plaintiff's physical health. Tr. 234. Dr. Wingate diagnosed Plaintiff as having a right inguinal hernia that was difficult to reduce. Tr. 233-34. He assessed Plaintiff as having no "indication[] of limitation on agility, mobility, or flexibility." Tr. 234. Despite this assessment, Dr. Wingate

ORDER – 1

concluded that Plaintiff's work capacity was less than sedentary. *Id*. Another medical record with a date of April 17, 2002, states that Plaintiff had "increased pain with lifting and certain movements." Tr. 235.

On July 28, 2006, the Administrative Law Judge issued a partially favorable decision finding that Plaintiff was disabled but only since May 27, 2002. Tr. 12-24. The ALJ found that Dr. Wingate's "opinion was not explained." Tr. 19. In rejecting Dr. Wingate's conclusion that Plaintiff was only capable of less than sedentary residual ability, the ALJ stated that the "hernia no doubt caused some exertional limitation but the assessment of 'severe' restrictions is overstated." Tr. 20. Plaintiff argues that "[t]he problem with this statement is that it is a conclusion by the ALJ in the absence of any contrary medical information. In essence, [the ALJ] is making a medical judgment he is not qualified to make." Dkt. 23 at 3.

The ALJ is entitled to resolve conflicts in the medical evidence. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). "Although the ALJ is not bound by expert medical opinion on the issue of disability, he must give clear and convincing reasons for rejecting such an opinion where it is uncontradicted." *Gallant v. Heckler*, 753 F.2d 1450, 1454 (9th Cir. 1984). If a treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Fife v. Heckler*, 767 F.2d 1427, 1429 (9th Cir. 1985).

The Court finds that Judge Arnold did not err in upholding the ALJ's decision to reject Dr. Wingate's conclusion. The ALJ gave clear and convincing reasons for why he rejected the unsupported medical conclusion that Plaintiff was only capable of less than sedentary residual ability. Not only did Dr. Wingate assess Plaintiff as having no limitations, but a separate medical evaluation that same day stated that Plaintiff had only

ORDER – 2

1 "increased pain with lifting and certain movements." Therefore, the Court overrules
2 Planitiff's objection to Judge Arnold's Report and Recommendation and upholds the ALJ's
3 decision regarding Plaintiff's physical health.

**B.     Plaintiff's Mental Health**

On April 30, 2002, Dr. Terilee Wingate examined Plaintiff's mental health. She diagnosed Plaintiff as having "polysubstance dependence in early remission and depression NOS (likely [associated with] drug use and withdrawals)." Tr. 237. Dr. Wingate assessed Plaintiff as having mild cognitive limitations and mild to moderate social limitations. Tr. 238. She concluded that "with [continued] abstinence [Plaintiff] should be able to return to work." Tr. 239. The ALJ stated that this opinion:

> *suggests* that [Plaintiff] was disabled at that time. But there was nothing in her report to support that conclusion.
> This report is given some weight; it suggests that [Plaintiff] had few significant limitations and that any restriction was due entirely to drug use. Other than substance abuse, [Plaintiff] had no limitations whatsoever.

Tr. 20 (emphasis added).

Plaintiff claims that the ALJ erred by "overruling the conclusion of a medical expert with nothing to base it on." Dkt. 23 at 4. Plaintiff misreads the evidence; the ALJ made the conclusion that Plaintiff *may* have been disabled when Dr. Wingate examined Plaintiff. Moreover, there is sufficient evidence in the record to contradict Dr. Wingate's implication that Plaintiff was disabled. The ALJ relied on Dr. Wingate's own assessment of Plaintff, as well as other evidence, in reaching his conclusion that "[o]ther than substance abuse, Plaintiff had no limitations whatsoever." Therefore, the Court overrules Planitiff's objection to Judge Arnold's Report and Recommendation and upholds the ALJ's decision regarding Plaintiff's mental health.

The Court having considered the Report and Recommendation, Plaintiff's objections, and the remaining record, does hereby find and order:

(1)    The Court **OVERRULES** Plaintiff's Objections (Dkt. 23);

(2)    The Court adopts the Report and Recommendation (Dkt. 20); and

ORDER – 3

(3) This action is **DISMISSED**.

DATED this 30th day of January, 2009.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER – 4